# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEITH DOUGHERTY, et al.,** | : | Civil No. 1:13-CV-447 |
| **Plaintiffs** | : | |
| v. | : | **(Judge Jones)** |
| **ADVANCED WINGS, LLC, et al.,** | : | **(Magistrate Judge Carlson)** |
| **Defendants** | : | |

## MEMORANDUM OPINION AND ORDER

### I. Statement of Facts and of the Case

This case comes before us for consideration of plaintiffs' motion that this court recuse itself in this case. On February 19, 2013, the plaintiffs, Keith Dougherty and related entities, who are proceeding *pro se*, filed a complaint with this court naming 14 individual and institutional defendants. (Doc. 1.) We were then assigned to this matter, along with District Judge John E. Jones, III. Notified of this judicial assignment Dougherty moved to recuse both Judge Jones and ourselves from this case. (Doc. 5.) The *pro se* plaintiffs seek our recusal, at the outset of this lawsuit, based upon the fact that the we ruled against the plaintiffs in a prior, unrelated, lawsuit. Because the court's rulings on questions of law do not provide grounds for recusal, this motion will be denied.

## II. Discussion

### A. Recusal of This Court is Not Warranted

The legal standards which govern such recusal requests are clear and clearly compelling. These principles begin with the settled tenet that a judge "has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Bryce v. Episcopal Church in the Diocese of Colorado, 289 F.3d 648, 659 (10th Cir.2002) (quoting Nichols, 71 F.3d at 351); Cooney v. Booth, 262 F.Supp.2d 494, 508 (E.D.Pa.2003); see also United States v. Snyder, 235 F.3d 42, 46 n. 1 (1st Cir.2000); Curley v. St. John's University, 7 F.Supp.2d 359, 362 (S.D.N.Y.1998).

The guiding benchmarks in this field were aptly summarized in Conklin v. Warrington Township, 476 F.Supp.2d 458 (M.D. Pa. 2007), a case which considered, and rejected, a recusal request. In terms that are equally applicable here, the court explained that:

> The disqualification standard is set forth in 28 U.S.C. § 455, which provides in pertinent part as follows:
>
> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party....

> Id. Pursuant to the above quoted language, the court must consider whether its rulings and statements objectively produce the appearance of bias against Conklin. As explained by the Supreme Court, these provisions "require ... 'bias and prejudice' ... to be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." Liteky v. United States, 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). This objective standard requires recusal when a "reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." Edelstein v. Wilentz, 812 F.2d 128, 131 (3d Cir.1987) (citing United States v. Dalfonso, 707 F.2d 757, 760 (3d Cir.1983)); see also In re Antar, 71 F.3d 97, 101 (3d Cir.1995). If the record presents a close question, the court must resolve the issue in favor of disqualification. Nichols v. Alley, 71 F.3d 347, 352 (10th Cir.1995).

Id. at 462-3.

It is clear, however, that a party's disappointment with what the party anticipates may be the court's rulings cannot form the basis for recusal. As we have observed:

> The Third Circuit has repeatedly observed that "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir.2000) (citing In re TMI Litig., 193 F.3d 613, 728 (3d Cir.1999) and Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir.1990)). Subsections 455(a) and (b)(1) require the source of bias to be extrajudicial, that is stemming from a source outside of the proceeding, or of such an intensity as to make a fair trial impossible. Blanche Rd. Corp. v. Bensalem Twp., 57 F.3d 253 (3d Cir.1995), cert. denied, 516 U.S. 915, 116 S.Ct. 303, 133 L.Ed.2d 208 (1995). As stated by the Supreme Court:
> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion

unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

Liteky, 510 U.S. at 555, 114 S.Ct. 1147 (emphasis in original).

Id. at 463.

Furthermore, in assessing recusal requests, courts must remain mindful that, a recusal motion may simply be a tactical tool designed to avoid the result which the law dictates in a case. Thus, in every instance:

[T]he court must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings. In re Antar, 71 F.3d at 101; Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 162 (3d Cir.1993). Indeed, a judge "has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Bryce v. Episcopal Church in the Diocese of Colorado, 289 F.3d 648, 659 (10th Cir.2002) (quoting Nichols, 71 F.3d at 351); Cooney v. Booth, 262 F.Supp.2d 494, 508 (E.D.Pa.2003); see also United States v. Snyder, 235 F.3d 42, 46 n. 1 (1st Cir.2000); Curley v. St. John's University, 7 F.Supp.2d 359, 362 (S.D.N.Y.1998).

Id. at 463.

Judged against these legal standards, we must decline the plaintiffs' request that we recuse ourselves from this case. Indeed, this recusal motion fails for a fundamental reason. The plaintiffs simply cannot justify recusal based upon the

4

rulings made by this court in other, unrelated, litigation. Such a claim is plainly inadequate to justify recusal since it is absolutely clear that "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir.2000) (citing In re TMI Litig., 193 F.3d 613, 728 (3d Cir.1999) and Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir.1990)).

In sum, the grounds for recusal cited by plaintiffs are legally insufficient Therefore, since a judge "has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Bryce v. Episcopal Church in the Diocese of Colorado, 289 F.3d 648, 659 (10th Cir.2002) (quoting Nichols, 71 F.3d at 351); Cooney v. Booth, 262 F.Supp.2d 494, 508 (E.D.Pa.2003); see also United States v. Snyder, 235 F.3d 42, 46 n. 1 (1st Cir.2000); Curley v. St. John's University, 7 F.Supp.2d 359, 362 (S.D.N.Y.1998), we are duty-bound to deny this motion.

### III. Conclusion

Accordingly, for the foregoing reasons the plaintiffs' motion to recuse (Doc. 5.), is DENIED.

So ordered this 26th day of February 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

5