IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEITH DOUGHERTY, et al.,** | : | Civil No. 1:13-CV-447 |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| **ADVANCED WINGS, LLC, et al.,** | : | (Magistrate Judge Carlson) |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

On February 19, 2013, the plaintiffs, Keith Dougherty and related entities, who are proceeding *pro se*, filed a complaint with this court naming 14 individual and institutional defendants. (Doc. 1.) The complaint and exhibits encompass 105 pages, and weave a complex, prolix narrative relating to the plaintiff's disappointment and disputes with various defendants, all of whom appear to operate out of Lancaster County, Pennsylvania.

These averments raise immediate venue issues, since one of these basic rudiments of a valid civil complaint is that the complaint must be filed in the proper court, a court which has venue over the actions and parties which are the subject of the litigation.  This case purports to bring claims under the laws of the United States.

In such cases, where alleged violations of the laws of the United States form the basis for the court's jurisdiction, 28 U.S.C. § 1391(b) defines the proper venue and provides that an action should:

> be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

In this case, "a substantial part of the events or omissions giving rise to the claim occurred" in Lancaster County, Pennsylvania, and it appears that all of the defendants either reside in, or may be found in, Lancaster County, Pennsylvania. Lancaster County falls within the venue of the United States District Court for the Eastern District of Pennsylvania. See 28 U.S.C. § 118(a). Therefore, it appears from the plaintiff's complaint that venue over this matter may lie in the United States District Court for the Eastern District of Pennsylvania.

Even though Dougherty has not yet served all of the defendants named in this action, and none of the defendants have had an opportunity to respond, the plaintiff has filed a spate of motions and pleadings seeking discovery, recusal of the court, various forms of declaratory relief, something called a writ of "Coram Vobis,"

summary judgment, entry of default, and a preliminary injunction directing the entry of a default. (Docs. 5, 12-15, 19, 21, 24, 30, and 31.) Several of the defendants, in turn, have filed a motion for extension of time in which to respond, along with a request that discovery and motions practice be stayed pending completion of service of process by the plaintiff, alleging in part inadequacy of service of process by the plaintiff in this case. (Doc. 32.)

We will grant this motion for extension of time, and stay discovery and motions practice, pending completion of proper service of the complaint on all defendants. Default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure. Under Rule 55 a default judgment may only be entered when the party against whom the default judgment is sought was served and "has failed to plead or otherwise respond" Rule 55(a), F.R.Civ.P., and a "default judgment [cannot be] entered when there has been no proper service of the complaint . . . ." Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985). Furthermore, in ruling upon requests relating to default judgments it is well-settled that these decisions are:

> [L]eft primarily to the discretion of the district court. Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir.1951). We recognize, however, that this court does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to [deny or] set aside the default judgment "so that cases may be decided on their merits." Id. at 245. See also Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir.1983); Feliciano

> v. Reliant Tooling Company, Ltd., 691 F.2d 653, 656 (3d Cir.1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir.1982). Nevertheless, we do not [deny or] set aside the entry of default and default judgment unless we determine that the district court abused its discretion. We require the district court to consider the following factors in exercising its discretion . . . : (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct. Gross v. Stereo Component Systems, Inc., 700 F.2d at 122; Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d at 656; Farnese v. Bagnasco, 687 F.2d at 764.
>
> United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984)

In this case, we find that all of these discretionary factors favor denial of entry of default judgment against these defendants at this time. At the outset, allowing this matter to be resolved on its merits is a cardinal guiding principle in our legal system, and one which causes courts to view default judgments with disfavor. This principle applies with particular force here, since the plaintiff's entitlement to judgment on the merits is unclear, and there are substantial doubts that the plaintiff has brought this action in the proper venue. Furthermore, the plaintiff is not unfairly prejudiced by denying a default judgment at this stage of the litigation, where the plaintiff has not yet completed the elementary task of serving all defendants. However, entry of default would be highly prejudicial to those defendant against whom Dougherty seeks this default judgment, and those defendants have not engaged in any culpable conduct which makes entry of default appropriate.

Accordingly, for the foregoing reasons, the plaintiff's motion for entry of default, and preliminary injunction directing entry of default are DENIED. (Docs. 30 and 31.) The defendants' motion for extension of time is GRANTED. (Doc. 32.) The moving defendants shall respond to the complaint on or before **April 29, 2013**, and in the meanwhile all discovery and motion response deadlines are STAYED, pending proper service of all defendants by the plaintiff.

So ordered this 19th day of March 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge