# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEITH DOUGHERTY, et al.,** | : | Civil No. 1:13-CV-447 |
| **Plaintiffs** | : | |
| v. | : | (Judge Jones) |
| **ADVANCED WINGS, LLC, et al.,** | : | (Magistrate Judge Carlson) |
| **Defendants** | : | |

## MEMORANDUM ORDER

On February 19, 2013, the plaintiffs, Keith Dougherty and related entities, who are proceeding *pro se*, filed a complaint with this court naming 14 individual and institutional defendants. (Doc. 1.) The complaint and exhibits encompass 105 pages, and weave a complex, prolix narrative relating to the plaintiff's disappointment and disputes with various defendants, many of whom appear to operate outside of the Middle District of Pennsylvania[1].

Even though Dougherty has not yet served all of the defendants named in this action, and none of the defendants have had an opportunity to respond, the plaintiff

---

[1] In response to a prior inquiry by the court Dougherty has provided an impassioned explanation regarding why he regards venue as proper in this district. (Doc. 35.) Since we have stayed motions practice in this case we will defer this issue to another time, and another proceeding.

filed a spate of motions and pleadings seeking discovery, recusal of the court, various forms of declaratory relief, something called a writ of "Coram Vobis," summary judgment, entry of default, and a preliminary injunction directing the entry of a default. (Docs. 5, 12-15, 19, 21, 24, 30, and 31.) Several of the defendants, in turn, filed a motion for extension of time in which to respond, along with a request that discovery and motions practice be stayed pending completion of service of process by the plaintiff, alleging in part inadequacy of service of process by the plaintiff in this case. (Doc. 32.)

On March 19, 2013, we granted this motion for extension of time, denied Dougherty's various default motions, and stayed discovery and motions practice, pending completion of proper service of the complaint on all defendants. Dougherty then filed a motion to reconsider this ruling, (Doc. 35.), which we denied. Undeterred, Dougherty has now filed a petition for writ of mandamus seeking to compel us to enter this default on his behalf. (Doc. 40.) Because Dougherty fundamentally misunderstands that reach of the writ of mandamus, this motion will be DENIED as well.

A petition for writ of mandamus is an ancient form of common law judicial relief, a request for a court order compelling a public official to perform some legally-

mandated duty. The power of federal courts to issue writs of mandamus is now defined in a federal statute, 28 U.S.C. § 1361, which provides that:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C.. § 1361.

Writs of mandamus compelling government officials to take specific actions are extraordinary forms of relief, which must comply with demanding legal standards. Indeed, it is well-settled that "the writ is a drastic remedy that 'is seldom issued and its use is discouraged.'" In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000), (quoting Lusardi v. Lechner, 855 F.2d 1062, 1069 (3d Cir. 1988)). Thus, as a general rule:

> There are two prerequisites to issuing a writ of mandamus. [Petitioners] must show that (1) they have no other adequate means to attain their desired relief; and (2) their right to the writ is clear and indisputable. See In re Patenaude, 210 F.3d 135, 141 (3d Cir.2000); Aerosource, Inc. v. Slater, 142 F.3d 572, 582 (3d. 1988).

Hinkel v. England, 349 F.3d 162, 164 (3d Cir. 2003).

Moreover, "[m]andamus is an extraordinary remedy that can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.'" Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary, 93 F.3d 103, 112 (3d Cir.1996) (quoting Harmon Cove Condominium Ass'n, Inc. v.

3

Marsh, 815 F.2d 949, 951 (3d Cir.1987)). See Ararat v. District Director, ICE, 176 F.App'x. 343 (3d Cir. 2006). Therefore:

> Mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (discussing the common-law writ of mandamus, as codified in 28 U.S.C. § 1361). See also Stehney, 101 F.3d at 934 (mandamus relief is a drastic remedy only to be invoked in extraordinary circumstances).

Stanley v. Hogsten 277 F. App'x. 180, 181(3d Cir. 2008).

Judged against these standards, Dougherty's petition fails because "[m]andamus is an extraordinary remedy that can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.'" Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary, 93 F.3d 103, 112 (3d Cir.1996). Here, it simply cannot be said that Dougherty's entitlement to default judgment is positively commanded and so plainly prescribed as to be free from doubt. Quite the contrary, under Rule 55 a default judgment may only be entered when the party against whom the default judgment is sought was served and "has failed to plead or otherwise respond" Rule 55(a), F.R.Civ.P., and a "default judgment [cannot be] entered when there has been no proper service of the complaint . . . ." Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985).

Furthermore, in ruling upon requests relating to default judgments it is well-settled that these decisions are:

> [L]eft primarily to the discretion of the district court. Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir.1951). We recognize, however, that this court does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to [deny or] set aside the default judgment "so that cases may be decided on their merits." Id. at 245. See also Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir.1983); Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d 653, 656 (3d Cir.1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir.1982). Nevertheless, we do not [deny or] set aside the entry of default and default judgment unless we determine that the district court abused its discretion. We require the district court to consider the following factors in exercising its discretion . . . : (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct. Gross v. Stereo Component Systems, Inc., 700 F.2d at 122; Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d at 656; Farnese v. Bagnasco, 687 F.2d at 764.
>
> United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984)

In this case, we continue to find that all of these discretionary factors favor denial of entry of default judgment against these defendants at this time. At the outset, allowing this matter to be resolved on its merits is a cardinal guiding principle in our legal system, and one which causes courts to view default judgments with disfavor. This principle applies with particular force here, since the plaintiff's entitlement to judgment on the merits is unclear, and there are substantial doubts that

5

the plaintiff has brought this action in the proper venue. Furthermore, the plaintiff is not unfairly prejudiced by denying a default judgment at this stage of the litigation, where the plaintiff has not yet completed the elementary task of serving all defendants. However, entry of default would be highly prejudicial to those defendants against whom Dougherty seeks this default judgment, and those defendants have not engaged in any culpable conduct which makes entry of default appropriate. Since this ruling rests in the sound discretion of the court, it may not be the subject of a mandamus petition which "can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.' " <u>Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary</u>, 93 F.3d 103, 112 (3d Cir.1996). Accordingly, for the foregoing reasons, the plaintiff's petition for writ of mandamus (Doc. 40.) is DENIED.

    So ordered this 4th day of April 2013.

                                        *S/Martin C. Carlson*
                                        Martin C. Carlson
                                        United States Magistrate Judge