## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH DOUGHERTY AND KEITH DOUGHERTY INVESTMENTS & CONSULTING, LLC (SMLLC),<br><br>  Plaintiffs,<br><br>v.<br><br>ADVANCED WINGS, LLP, ET AL.,<br><br>  Defendants | :<br>:<br>:<br>:  Civil Action No. 1:13-CV-0047-JEJ<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

AND NOW, this ___ day of _____, 2013, upon consideration of the Motion of Defendants, Stratus Aviation, LLC, Advanced Wings, LP (incorrectly identified in the caption as "Advanced Wings, LLP"), Regis de Ramel, Miles Munz, Reed Mcconville and Robert Smith (collectively, "Defendants"), for Rule 11 Sanctions against Plaintiffs, Keith Dougherty and Keith Dougherty Investments & Consulting, LLC, and the response thereto, it is hereby ORDERED that the Motion is GRANTED.

Plaintiffs' Complaint is hereby DISMISSED WITH PREJUDICE.

Further, within five (5) days of Defendants' submission of an affidavit verifying the same, Plaintiffs shall reimburse Defendants for all attorneys' fees, expenses and costs incurred by Defendants in responding to the Complaint, providing Rule 11 notice to Plaintiffs and prosecuting the instant Motion.

BY THE COURT:

_____, J.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH DOUGHERTY AND KEITH DOUGHERTY INVESTMENTS & CONSULTING, LLC (SMLLC),<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED WINGS, LLP, ET AL.,<br><br>Defendants | Civil Action No. 1:13-CV-0047-JEJ |

## **DEFENDANTS' MOTION FOR RULE 11 SANCTIONS**

Defendants, Stratus Aviation, LLC, Advanced Wings, LP (incorrectly identified in the caption as "Advanced Wings, LLP"), Regis de Ramel, Miles Munz, Reed Mcconville and Robert Smith (collectively, "Defendants"), by and through their undersigned counsel, hereby move the Court pursuant to Rule 11 of the Federal Rules of Civil Procedure to impose sanctions upon Plaintiffs, Keith Dougherty and Keith Dougherty Investments & Consulting, LLC ("KDIC") for violation of Rule 11 by filing a Complaint that contains claims and factual allegations that lack legal or evidentiary support and for failure to withdraw said claims upon notice of their falsity, and in support thereof, aver as follows:

1. This motion is filed on behalf of Defendants ("Movants").

2. Respondents are Plaintiffs identified in the Complaint, a copy of which is attached hereto as Exhibit "A."

3. On or about February 19, 2013, Plaintiffs filed the Complaint.

4. The Complaint is replete with unintelligible, impertinent and scandalous statements, most of which seem to be unrelated to Defendants and KDIC, one of the Plaintiffs here. *See generally* Complaint.

5. Defendants nevertheless culled the following from the Complaint:

- Plaintiffs allege that declaratory judgment is sought pursuant to 49 U.S.C. § 44702. (Complaint at ¶ 10)
- Plaintiffs claim that "the claims and causes of action alleged herein began in this District". (*Id.* at ¶ 15).
- Plaintiffs appear to seek a declaratory judgment concerning the "FAA" (*id.* at ¶ 82), a "mandamus" for an investigation (*id.* at ¶ 83) and rulings on "one count each of Fraud in the Inducement, Breach of Contract" and "Defamation" (*id.* at ¶ 84).
- Plaintiffs seek damages in excess of $800,000, which include the purchase of a new airplane. (*Id.* at ¶ 85).[1]

6. Overall, the Complaint woefully fails to conform with Rule 8 of the Federal Rules of Civil Procedure but seems to complain generally about policies and procedures of the Federal Aviation Administration ("FAA").

7. Moreover, nowhere in the Complaint do Plaintiffs explain how KDIC is a proper party to the proceedings.

8. Nevertheless, each claim above is false and not presented for any proper purpose.

9. Indeed, Movants should not be parties to this matter, as it is axiomatic that "Congress . . . plainly intends that individuals injured by actions of the FAA should pursue remedies within that agency." *Florey v. Air Line Pilots Ass'n, Int'l*, 439 F. Supp. 165, 171 (D. Minn. 1977). Plaintiffs' complaints against the FAA should be filed with the FAA not here.

10. Further, many of the averments in the Complaint seem to concern flight training Plaintiff Keith Dougherty received in Lancaster County, Pennsylvania. Jurisdictionally, Lancaster County is under the auspices of the United States District for the Eastern District of Pennsylvania not the Middle District for appropriate cases. The filing of this Complaint in the Middle District is improper.

---

[1] This list is by no means exhaustive but merely representative of the types of frivolous and unsubstantiated claims in the Complaint.

11. Additionally, Plaintiffs wholly fail to identify any basis for the "relief" they seek or, indeed, any facts to support claims for fraud, breach of contract and/or defamation, all of which are state not federal law claims.

12. Plaintiffs also fail to identify any basis, in law or fact, in any of the pages of the Complaint to explain, let alone justify, a demand of $800,000 for a new plane.

13. Plaintiffs' claims, which are patently unjustifiable and unsupported, are not being made for any proper purpose. They quite plainly have been made only to harass and needlessly increase the cost of any litigation against Movants.

14. Further, the claims and other legal contentions in the Complaint are not warranted by existing law and appear wholly frivolous.

15. In accordance with F.R.C.P. 11(c)(2) and F.R.C.P. 5, Movants' counsel therefore served Plaintiffs with a copy of this Motion for Sanctions, and advised that the Motion would be filed and sanctions requested from the Court unless Plaintiffs withdrew the frivolous and factually unsupported Complaint. A copy of the correspondence is attached hereto as Exhibit "B."

16. Despite being placed on notice of the frivolous claims in the Complaint and notice under the safe harbor provisions of Rule 11, Plaintiffs have failed and refused to withdraw the Complaint. A copy of Plaintiffs' response to Defendants' demand to withdraw the Complaint is attached hereto as Exhibit "C."

17. Rule 11 is designed to control "abusive litigation or misuse of the court's process." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1993) (citation omitted).

18. According to the plain language of Rule 11(c)(1), "the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation."

19. Because the Complaint contains false allegations that are factually and legally groundless, the Court should impose appropriate sanctions against Plaintiffs in the form of the dismissal of the Complaint, an award of counsel fees and costs to Movants incurred in connection with responding to the Complaint, the prosecution of this Motion and related communications with Respondents.

WHEREFORE, Movants respectfully request that this Honorable Court sanction Respondents for violation of F.R.C.P. 11(b)(3), and award Movants' counsel fees, costs and such other relief as the Court deems appropriate.

> **POWELL, TRACHTMAN, LOGAN CARRLE & LOMBARDO, P.C.**
>
> By: /s/ *David M. Burkholder*
> David M. Burkholder
> Attorney Id. No. 89162
> 475 Allendale Road, Suite 200
> King of Prussia, PA 19406
> Telephone: 610-354-9700
> Facsimile: 610-354-9760
> Email: dburkholder@powelltrachtman.com
> *Attorneys for Defendants,*
> *Stratus Aviation, LLC, Advanced Wings, LP (incorrectly identified in the caption as "Advanced Wings, LLP"), Regis de Ramel, Miles Munz, Reed Mcconville and Robert Smith*

Date: April 29, 2013