UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH DOUGHERTY AND KEITH     :
DOUGHERTY INVESTMENTS &     :
CONSULTING, LLC (SMLLC),     :
    :  Civil Action No. 1:13-CV-00447-JEJ
    Plaintiffs,     :
    :
v.     :
    :
ADVANCED WINGS, LLP, ET AL.,     :
    :
    Defendants     :

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendants, Stratus Aviation, LLC, Advanced Wings, LP (incorrectly identified in the caption as "Advanced Wings, LLP"), Regis de Ramel, Miles Munz, Reed Mcconville and Robert Smith (collectively, "Defendants"), hereby move the Court pursuant to Rules 12(b)(3), (5), (6) and (7) of the Federal Rules of Civil Procedure to dismiss the Complaint of Plaintiffs, Keith Dougherty ("Dougherty") and Keith Dougherty Investments & Consulting, LLC ("KDIC") (collectively, "Plaintiffs"), for (i) lack of subject matter jurisdiction, (ii) improper venue, (iii) insufficient service of process, (iv) failure to state a claim upon which relief can be granted and (v) failure to join a party under Rule 19.

Separate and apart from Plaintiffs' procedural errors (which are dispositive in their own right), Plaintiffs' Complaint fails to allege any culpable conduct on Defendants' part. The Complaint reads like a personal diary written in stream-of-consciousness prose, filled with non-sequitur ramblings, impertinent commentary and Dougherty's irrelevant opinions interrupted – without warning – by references to miscellaneous statutes, cases or whatever other matter that strikes Plaintiffs' fancy, while wholly failing to state any cognizable basis for any cause of action against Defendants. Plaintiffs appear to have sued everyone even remotely associated with the

1

aircraft training industry, including the Federal Aviation Administration ("FAA"), yet they have failed to attempt service on fewer than half of the total Defendants (this, of course, includes the "Nominal Respondents"). Given the opportunity to do so, Plaintiffs refused to withdraw the Complaint, either to fashion a comprehensible pleading or wisely withdraw this action.

The Complaint is simply indecipherable under the Rules of Federal Civil Procedure and attendant case law. This action should be dismissed, with prejudice, and Defendants' Motion should be granted for the following reasons:

1.    On or about February 19, 2013, Plaintiffs filed the Complaint, attached hereto as Exhibit "A."

2.    The Complaint is replete with unintelligible, impertinent and scandalous statements, most of which seem to be unrelated to Defendants and KDIC, one of the Plaintiffs here. *See generally* Complaint.

3.    Indeed, Plaintiffs fail to identify how or why KDIC is a party to this case. *See generally* Complaint.

4.    Further, Plaintiffs identify the FAA and the FAA's Flight Standards District Office ("FSDO"), located in Philadelphia, as "Nominal Respondents". *See* Complaint at p. 1. It is unclear why the FAA and FSDO have been designated in this manner.

5.    In the Complaint, Plaintiffs seem to allege that declaratory judgment is sought pursuant to 49 U.S.C. § 44702. *Id.* at ¶ 10.

6.    They claim that "the claims and causes of action alleged herein began in this District". *Id.* at ¶ 15.

7.      Plaintiffs seem disgruntled about certain policies of the FAA. *Id.* at ¶¶ 1 and 10.[1]

8.      Dougherty also seems to disagree – on a technical level – with the flight training he received at a flight training school located in Lititz, Pennsylvania. *Id.* at ¶¶ 21 and 26-36.

9.      Dougherty refers to a "billing dispute" in the Complaint but provides no details as to the precise nature of any "dispute". *Id.* at ¶ 37.

10.     Dougherty appears to complain about or, at least, render his own personal opinion about FAA policies, the procedures of flight training schools in particular and the overall need for the flight training program he enrolled in. *Id.* at ¶¶ 38-41, 42 (opining about the merits of the "open book review"), 43 (opining about Dougherty's alleged achievements – the relevance of which is unclear – and the Cirrus Transition program), 45 (referencing a You Tube video and non-specified sections of an unidentified writing),[2] 48 (complaining about "the [training] process more as a circus"), 52 (complaining about the flight school's "asinine owner's workbook"), 53 (complaining about Dougherty's view of the merits of training),[3]

11.     Dougherty also interjects wholly irrelevant personal attacks against Defendants, among others, designed only to be mean-spirited and harassing. *Id.* at ¶¶ 44 (maligning Reed based on Dougherty's opinion), 46 (accusing Reed of having hurt feelings), and 57 (accusing Munz of being "politically correct").[4]

12.     Further, Dougherty attacks other defendants not a party to this Motion for a variety of alleged technical issues and personality conflicts. *Id.* at ¶¶ 60-66 (attacking Defendant

---

[1] Much of the Complaint is quite simply unintelligible. The allegations alternate between attempted recitation of fact and Plaintiffs' commentary on perceived technical faults of the flight training industry. Thus, discerning a claim, let alone a story, from the Complaint is very difficult.

[2] Paragraph 45 is nearly 5 pages long. It is an excellent example of Plaintiffs' rambling, stream-of-consciousness prose, which does not clarify any claims or relevant matters.

[3] This paragraph is 3 pages long.

[4] These are but a few examples found in the Complaint.

Robert Fowler's expertise and reputation) and 67-76 (Plaintiffs' training and opinions on that training and Dougherty's performance at other flight training schools).

13.　　In the section entitled "Declaratory Judgment," Plaintiffs allege that they seek a "determination that any 'Training School' that uses as an inducement a 'training syllabus' will be held to its content (especially as to its intended safety related promises) as required under 14 CFR § 141.83." *Id.* at ¶ 82.

14.　　In the section entitled "Mandamus," Plaintiffs allege that they seek a "mandamus to compel an investigations [sic] as to Advanced Wings LLP and its instructors relating to obvious deviation from the Training Syllabus under the 'special curricula' Declaration above", among other things. *Id.* at ¶ 83.

15.　　Plaintiffs then allege that they seek "a finding of one count each of Fraud in the Inducement, Breach of Contract as to the promised Training/Rental and or Fractional ownership of a SR22 or of any and all aircraft, and Defamation including taunts and reference to 'no one will fly with you' where some absurd game of Just 'get your certification elsewhere and then you can rent/purchase our equipment' without ever changing requirements." *Id.* at ¶ 84.

16.　　Plaintiffs seek damages in excess of $800,000, which include the purchase of a new airplane, with additional benefits, including one year of hangar space (valued, by Plaintiffs, at $7,800 per year), first annual (presumably flight training license renewal) at Advanced's facility in Lancaster County, Pennsylvania, three days factory training and two headsets. *Id.* at ¶ 85.

17.　　At the heart of Plaintiffs' Complaint, Plaintiffs allege:

> In this never to be humble Plaintiff's [sic] opinion this Honorable Court would save lives by forcing the 10 out of 10 CSIP's encountered to abide by the Cirrus Syllabus as it would eliminate 99% of the deaths reviewed herein (3 crashes with instructors 6 fatalities in 2009). And the FAA

would actually fulfill its mission if you required them to properly interpret 14 CFR § 141.

*Id.* at p. 47.

18.     According to Plaintiffs' Proof of Service filed with the Court, Plaintiffs allegedly served the following Defendants on the specified dates in the manner identified:

- Advanced Wings, LLP on February 22, 2013, by Michael S. Cobaugh by serving the summons on James A. Glover, Director of Maintenance

- Stratus Aviation, LLC on February 22, 2013, by Michael S. Cobaugh by serving the summons on James A. Glover, Director of Maintenance

- Regis de Ramel on February 22, 2013, by Michael S. Cobaugh by serving the summons on James A. Glover, Director of Maintenance

- Miles Munz on February 22, 2013, by Michael S. Cobaugh by serving the summons on James A. Glover, Director of Maintenance

- Advanced Wings, LLP on March 6, 2013, by Alanna Dougherty by serving the summons on Miles Munz

- Robert Smith on March 6, 2013, by Alanna Dougherty by serving the summons on Miles Munz

- Reed Mcconville on March 6, 2013, by Alanna Dougherty by serving the summons on Miles Munz

Copies of the Proof of Service for each of the above are attached hereto collectively as Exhibit "B."

19.     Each proof of service claims that the summons was served on an individual "who is designated by law to accept service of process on behalf of (name of organization)." *See id.*

20.     Plaintiffs have not filed any proof of service the other private defendants named in the caption.

## COUNT I – MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

21.     Plaintiffs' Complaint should be dismissed for lack of subject matter jurisdiction.

22.     It is axiomatic that "Congress . . . plainly intends that individuals injured by actions of the FAA should pursue remedies within that agency." *Florey v. Air Line Pilots Ass'n, Int'l*, 439 F. Supp. 165, 171 (D. Minn. 1977).

23.     Here, Plaintiffs' complaints, and the scant part of their claims that can be discerned, solely and only concern "mandamus" against the FAA and actions regarding its policies.

24.     Congress has made clear that Plaintiffs should pursue their claims with the FAA.

25.     Thus, this Court lacks subject matter jurisdiction over Plaintiffs' claims, and the Complaint should be dismissed.

## COUNT II – MOTION TO DISMISS FOR IMPROPER VENUE

26.     The Complaint should be dismissed for improper venue.

27.     The averments in the Complaint specifically reference flight training in Lancaster County, Pennsylvania.

28.     Jurisdictionally, Lancaster County is under the auspices of the United States District for the Eastern District of Pennsylvania not the Middle District for appropriate cases.

29.     The filing of this Complaint in the Middle District is improper, and it should be dismissed.

## COUNT III – MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

30.     The Complaint must be dismissed for insufficient service of process.

31.     Rule 12(b)(5) authorizes the Court to dismiss a case for insufficient service of process. *See* F.R.C.P. 12(b)(5).

32.     It is well-established that "before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987).

33.     The party making service "has the burden demonstrating its validity." *Sampath v. Concurrent Technologies, Corp.*, 227 F.R.D. 339, 402 (W.D. Pa. 2005) (internal citations omitted).

34.     The Federal Rules of Civil Procedure recognize a distinction between service of process for individuals and corporations. *See* F.R.C.P. 4(e) and 4(h).

35.     Rule 4(e) provides two alternatives for service on an individual, by either "delivering a copy of the summons and of the complaint to the individual personally," by leaving a copy of both the summons and the complaint at the person's "dwelling or usual place of abode with someone of suitable age and discretion who resides there," or by delivering a copy of the summons and complaint to an authorized agent. *See* F.R.C.P. 4(e)(2)(A-C).

36.     The same rule allows a plaintiff to effectuate proper service of process on an individual by following state law procedures. *Id.* at 4(e)(1).

37.     Pennsylvania law requires service of process by the sheriff unless other exceptions – not relevant here – apply. *See* Pa.R.C.P. 400(a) and (b).

38.     For service of process upon a corporation, partnership or association, the plaintiff must serve process by following Rule 4(e)(1) for serving an individual or by delivering a copy of the summons and the complaint to an officer, a managing or general agent or any other agent authorized by law. *See* F.R.C.P. 4(h)(1)(A-B).

39.     In addition to requiring service to be made by sheriff, Pennsylvania law requires service of process upon a private entity shall be made by handing a copy of the process to "(1) an

executive officer, partner or trustee of the corporation or similar entity, or (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it." *See* Pa.R.C.P. 424.

40.     Here, as a matter of law, none of the Defendants were served by a sheriff. *See generally* Proofs of Service.[5]

41.     Further, none of the individual moving Defendants were served by delivering a copy of the summons and of the complaint to the individual personally, by leaving a copy of both the summons and the complaint at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or by delivering a copy of the summons and complaint to an authorized agent.

42.     Moreover, there is no allegation, let alone any evidence, to suggest that James Glover was authorized to accept service of personal legal process for either Regis de Ramel or Miles Munz.

43.     Likewise, there is no allegation or any evidence to suggest that Miles Munz was authorized to accept service of personal legal process for Reed Mcconville or Robert Smith.

44.     Additionally, there exists no evidence to suggest that either James Glover, the purported director of maintenance, or Miles Munz was an executive officer, partner or trustee or manager or person in charge of or an agent authorized by any of the corporate Defendants in writing to receive service of process for the corporate Defendants.

45.     Quite simply, Plaintiffs failed to effectuate proper service of process on Defendants in this case.

---

[5] Upon information and belief, Alanna Dougherty is the daughter of Dougherty, a Plaintiff in this action.

46.     Accordingly, the Complaint should be dismissed for insufficient service of process.

## COUNT IV – MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

47.     Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a motion may be made to dismiss a complaint for "failure to state a claim upon which relief may be granted."

48.     "A Rule 12(b)(6) motion will be granted if it appears to a certainty that no relief could be granted under any set of facts which could be proved.  [The Court] must accept all factual allegations in [the plaintiffs'] complaint as true, but [the Court is] not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3rd Cir. 2007).

49.     "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guaranty Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3rd Cir. 1993).

50.     Moreover, F.R.C.P. 8(a)(2) requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…".

51.     The Supreme Court clarified and reiterated this requirement, explaining that Rule 8 –

> demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. … To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. … The plausibility standard…asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of "entitlement to relief."

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 at p. 29 (2009).

52.    The plaintiff must allege facts sufficient to "'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Babalola v. Donegal Group, Inc.*, 2008 U.S. Dist. LEXIS 65207, *4 (M.D. Pa. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007)).

53.    To satisfy federal pleading requirements, the plaintiff must "'provide the grounds of his entitlement to relief,'" which "'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at *5 (citation omitted); *see also Walsh v. Quinn*, 2008 U.S. Dist. LEXIS 67587, *1 (W.D. Pa. 2008) (granting motion to dismiss conspiracy claim where complaint pleaded conclusions and failed to plead facts or particularized allegations sufficient to support the showing of an agreement which was a necessary element of the conspiracy claim); *Becerril v. Mancini*, 2008 U.S. Dist. Lexis 62259, *8-9 (E.D. Pa. 2008) (granting motion to dismiss civil rights claim, finding it insufficient to merely allege elements of a claim but rather, "specific factual allegations referencing the conduct, time, place and persons responsible for any official municipal policy or customer endorsing the police officers' conduct," is required).

54.    "'Without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.'" *Soder v. Williamson*, 2008 U.S. Dist. Lexis 68513, *2-3 (M.D. Pa. 2008) (citations omitted).

55.    Here, it is not even clear what the actual legal claims are against each of the Defendants or how the relief demanded (mandamus, declaratory judgment and a new airplane) are connected to any possible claims that can be gleaned from the Complaint.

56.     The 50-page Complaint does not satisfy Rule 8's requirements of short, plain statements.

57.     The Complaint absolutely provides no fair notice or grounds upon which any claims purportedly rest against Defendants.

58.     As an example, Plaintiffs, from time to time, refer to the terms "breach of contract", "fraud" and "defamation" but the Complaint identifies no basis for any contract,[6] fails to satisfy the level of particularity for a fraud claim under Rule 9(b) and fails to identify any details even to hint at a defamation claim.[7]

59.     Plaintiffs nevertheless conclude their sprawling Complaint by stating that "Purchase of a SR22 Generation 5 is the only viable solution.  And the other actions will save lives." Complaint at p. 50.

60.     This non-sequitur – a demand for "the purchase" of a brand new aircraft – in the midst of Plaintiffs' meandering averments drives home the disconnectedness between the so-called allegations and the relief demanded.

61.     Plaintiffs fail to identify any basis, in law or fact, in any of the pages of the Complaint to explain, let alone justify, a demand of $800,000 for a new plane.[8]

62.     Plaintiffs fail to identify KDIC's role in the case.

---

[6] It certainly fails to identify any contract for the sale or lease of an airplane, which seems to be Plaintiffs' sole demand for recovery.

[7] By mentioning these causes of action, Defendants do not suggest that such claims are stated or exist in any form to determine whether Plaintiffs actually meant to state such claims.  Defendants mention these only because the words "contract", "defame" and "fraud in the inducement" appear in the Complaint, albeit unconnected to any discernible facts to state a cause of action.

[8] In fact, occasionally Plaintiffs complain about charges they allegedly paid or incurred, none of which amount to more than a few hundred dollars.  Knowing this, the filing of a federal lawsuit and demand for an $800,000 plane makes Plaintiffs' profiteering motives clear.

63.     The Complaint clearly fails to state a claim upon which relief can be granted and should be dismissed, with prejudice.[9]

### COUNT V – MOTION TO DISMISS FOR FAILURE TO JOIN A PARTY

64.     Even if the Complaint is not dismissed for the foregoing reasons, it should be dismissed for failure to join a party under Rule 19.

65.     Rule 19 provides that a party in whose absence the Court cannot afford complete relief must be joined to the pending action.  *See* F.R.C.P. 19(a)(1)(A).

66.     Here, the gravamen of Plaintiffs' Complaint is Plaintiffs' dissatisfaction with certain policies and procedures of the FAA.  *See* Complaint at ¶¶ 1, 10, 82 and 83.

67.     The FAA and FSDO Philadelphia are identified as "Nominal Respondents" in the caption, but it is unclear whether they are actually "defendants" in this action.

68.     Without the FAA and FSDO as parties in this action, Plaintiffs have failed to join indispensable parties, requiring the dismissal of the case.

---

[9] Defendants contend that a dismissal with prejudice is warranted inasmuch as they previously demanded Plaintiffs' withdrawal of the Complaint.  Plaintiffs, for reasons understandable by them only, refused to do so.  Plaintiffs' refusal to dismiss their Complaint is now the subject of a Motion for Rule 11 Sanctions filed by Defendants.

WHEREFORE, for all the foregoing reasons, Defendants respectfully request that this Honorable Court grant the Motion, dismiss, with prejudice, Plaintiffs' Complaint and award Defendants such other relief as deemed appropriate under the circumstances.

**POWELL, TRACHTMAN, LOGAN**
**CARRLE & LOMBARDO, P.C.**

By: /s/ *David M. Burkholder*
      David M. Burkholder
      Attorney Id. No. 89162
      475 Allendale Road, Suite 200
      King of Prussia, PA 19406
      Telephone: 610-354-9700
      Facsimile: 610-354-9760
      Email: dburkholder@powelltrachtman.com
      *Attorneys for Defendants,*
      *Stratus Aviation, LLC, Advanced Wings, LP*
      *(incorrectly identified in the caption as*
      *"Advanced Wings, LLP"), Regis de Ramel,*
      *Miles Munz, Reed Mcconville and Robert*
      *Smith*

Date:  April 29, 2013