## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Keith Dougherty and Keith Dougherty Investments & Consulting, LLC (SMLLC) ,**  Plaintiffs,  v.  **Advanced Wings, LLP, et al.,**  Defendants. | Civil Action No. 1:13-CV-00447-JEJ  (Honorable John E. Jones, III)  *Electronically Filed* |

**DEFENDANT CIRRUS DESIGN CORPORATION'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant Cirrus Design Corporation (hereinafter "Cirrus"), incorrectly sued herein as "Cirrus Aircraft Manufacturer", by and through their attorneys, hereby file this Brief in support of their Motion to Discuss pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint of Plaintiffs, Keith Dougherty ("Dougherty") and Keith Dougherty Investments & Consulting, LLC ("KDIC") (collectively, "Plaintiffs").

### I.    INTRODUCTION

Cirrus is a manufacturer of two models of single engine, piston powered aircraft: the SR20 and SR22.  The Complaint, to the extent it can be comprehended, contains no allegations with respect to Cirrus or an aircraft manufactured by Cirrus.  There is no allegation in the Complaint that Cirrus ever communicated with Plaintiffs much less entered into any relationship

from which a contract, duty of care, or potential liability arose.  Accordingly, Cirrus moves for dismissal of Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## II.   PROCEDURAL HISTORY

On May 6, 2013, Cirrus was served by mail with Plaintiffs' Complaint ("Complaint") a copy of which is attached to Cirrus' Motion as **Exhibit "A".**

On May 28, 2013, Cirrus timely filed the instant Motion to Dismiss.  This brief is submitted in support of that motion.

## III.   STATEMENT OF FACTS

The Complaint consists of approximately fifty pages of rambling narrative concerning Dougherty's efforts to obtain flight instruction and a check-out that would enable him to rent a Cirrus aircraft.  Dougherty undertook training flights with at least three different flight training organizations.  The Complaint indicates that Dougherty's goal was to receive approval from Defendant Advanced Aircraft so that he could rent one of their Cirrus aircraft.  The Complaint further alleges that, due to the ineptitude of numerous flight instructors as well as repeated personality conflicts with flight instructors, Dougherty did not achieve his goal.

There are no allegations with respect to KDIC except a suggestion that the inability to rent aircraft from Advanced somehow injured the business.

The Complaint does not allege any contact or communication between Plaintiffs or Defendant Cirrus. There is no allegation that Cirrus Design Corporation has an ownership interest in any of the name flight training organizations. There also is no allegation that any of the named individuals is an agent or is employed by defendant Cirrus. The Complaint does not contain any allegation that the aircraft used by Plaintiffs were defective. Indeed, there is no allegation that Cirrus entered into a contract with or owed any duty of care to Plaintiffs. In short, the Complaint does not contain any facts which, if assumed true, could lead to liability on the part of Cirrus to Plaintiffs.

## IV. STATEMENT OF QUESTIONS INVOLVED

1. Do the allegations contained in Plaintiffs' Complaint set forth facts with respect to defendant Cirrus Design Corporation sufficient to state a legally cognizable claim?

**Suggested Response:** No

## V. ARGUMENT

### A. STANDARD FOR MOTIONS TO DISMISS UNDER F.R.C.P. 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). The motion is properly granted when, taking all factual allegations and inferences drawn there from as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions'

when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Indeed, the Supreme Court has held that, while the 12(b)(6) standard does not require "detailed factual allegations," there must be a "showing, rather than a blanket assertion, of entitlement to relief.... [F]actual allegations must be enough to raise a right to relief above the speculative level." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231–32 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 555 & n. 3) (internal quotation marks omitted).  Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal 129 S.Ct. 1937 at 1949 (2009) (quoting Twombly, 550 U.S. at 570)).  The Third Circuit has stated that, after Iqbal, there is no question "that the Twombly 'facial plausibility' pleading requirement applies to *all* civil suits in the federal courts." Fowler, 578 F.3d at 210 (emphasis added).  A claim is plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.  Importantly, however, "more than labels and conclusions" are required and "a formulaic recitation of the elements of a cause of action will not do." Phillips, 525 F.3d at 231.

B.   **PLAINTIFFS' ALLEGATIONS FAIL TO ADEQUATELY STATE A CAUSE OF ACTION AGAINST CIRRUS**

Plaintiffs' "Complaint" does not contain allegations with respect to Cirrus. While the Complaint sets forth vague criticisms of the flight training received by Dougherty, it contains no allegations of any contact whatsoever between Cirrus and Plaintiffs. Accordingly, Plaintiffs' Complaint is precisely the type of pleading that has been condemned by the U.S. Supreme Court in Twombly and Iqbal. The Complaint lacks the factual allegations that would permit the Court to draw a reasonable inference that Cirrus owes a duty of care to Plaintiffs, much less is liable for wrongdoing or that Plaintiffs are entitled to any relief. Plaintiffs generally allege that Dougherty attempted to obtain flight instruction and that he was dissatisfied with the instruction. There is no allegation, however, that Cirrus or an employee of Cirrus actually provided any flight training. The Complaint lacks any allegation of contractual privity between Plaintiffs and Cirrus. It also lacks any allegation of a statement or representation by Cirrus that might form the basis of a fraud claim. Because this type of pleading fails to meet the federal pleading requirements established by the United States Supreme Court in Iqbal, these claims against Cirrus should be dismissed.

"Factual allegations must be enough to raise a right of relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 545; Babalola v. Donegal Group, Inc., 2008 U.S. Dist.

LEXIS 65207, *4 (M.D. Pa. 2008). Therefore, this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" such that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. The federal pleading standard "does not unlock the doors of discovery for a plaintiff armed with *nothing more than conclusions*." Id. at 1950 (emphasis added). To determine if a complaint satisfies the plausibility threshold, this Court must conduct a two-part analysis as set forth by the Third Circuit:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded allegations as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210.

Applying this standard to Plaintiffs' Complaint, Plaintiffs' Counts against Cirrus fall far short of stating anything resembling plausible claims for relief and therefore should be dismissed. Iqbal, 129 S. Ct. at 1949 (a claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). This standard requires "more than a sheer possibility that a defendant has acted

unlawfully." Id. Where, as here, a Plaintiffs fail to plead any facts whatsoever with respect to a named party, the complaint must be dismissed.

In evaluating the sufficiency of this Complaint, the Court need only identify the myriad legal conclusions, which are not entitled to any assumption of truth, and determine that Plaintiffs fail to sufficiently state a claim for relief against any of the named parties. Despite the well-settled pleading guidelines, Plaintiffs nonetheless submit to this Court a Complaint that contains nothing more than an incomprehensible narrative followed by a demand for mandamus, declaratory judgment and damages including a new Cirrus aircraft. "'Without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.'" Soder v. Williamson, 2008 U.S. Dist. Lexis 68513, *2-3 (M.D. Pa. 2008) (citations omitted). Here, it is not even clear what the actual legal claims are against Cirrus or how the relief demanded (mandamus, declaratory judgment and a new airplane) are connected to any possible claims that can be gleaned from the Complaint. Examination of the Complaint confirms that there is not a single factual allegation that supports a claim for relief against Cirrus Design Corporation under any legal theory. The Complaint should therefore be dismissed.

## VI. CONCLUSION

For all the foregoing reasons, Defendant Cirrus Design Corporation

respectfully requests that that this Honorable Court grant the motion, dismiss the Complaint with prejudice and award Cirrus such other relief as may be appropriate under the circumstances.

          RESPECTFULLY SUBMITTED,

          REED SMITH LLP

/s/ Sara K. Kornbluh
Sara K. Kornbluh (SBN 94137)
Patrick E. Bradley
Princeton Forrestal Village
136 Main Street - Suite 250
Princeton, NJ  08540-7839
Telephone: +1 609 987 0050
Facsimile: +1 609 951 0824

*Counsel for Defendant
Cirrus Design Corporation*

Dated:  May 28, 2013