IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH DOUGHERTY, et al., | : | Civil No. 1:13-CV-447 |
| Plaintiffs | : | |
| v. | : | (Judge Jones) |
| ADVANCED WINGS, LLC, et al., | : | (Magistrate Judge Carlson) |
| Defendants | : | |

## MEMORANDUM OPINION AND ORDER

### I. Statement of Facts and of the Case

This case comes before the court on a motion to strike filed by the *pro se* plaintiff, (Doc. 62.), which seeks to strike a reply brief filed in connection with a motion to dismiss that is pending before this court. For the reasons set forth below, this motion will be denied.

### II. Discussion

#### A. Rule 12(f), the Legal Standard

We have previously had occasion to educate this *pro se* litigant regarding the proper scope of a motion to strike, when we denied a prior motion to strike filed by Dougherty in a separate lawsuit. Cluck-U Corp. v. Docson Consulting, LLC, 1:11-CV-1295, 2011 WL 3649376 (M.D. Pa. Aug. 18, 2011) reconsideration denied, 1:11-CV-1295, 2011 WL 3841634 (M.D. Pa. Aug. 29, 2011). At that time we explained

to Dougherty that Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings and provides, in part, that:

> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R.Civ. P. 12(f).

While rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.' Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, Federal Practice and Procedure. Civil § 1380 at 783 (1969)). See also Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[1] (3d ed. 2000)." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). In practice, courts should exercise this discretion and strike pleadings only

when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001). Moreover, consistent with this sparing approach urged by the courts with respect to motions to strike, those "pleadings" that may be subject to a motion to strike are construed narrowly. Recognizing that briefs are, by their nature, argumentative and sometimes contentious filings, it is generally held that a brief–as opposed to other forms of pleadings– typically will not be considered a "pleading" which is properly the subject of a motion to strike. Hrubec v. National R.R. Passenger Corp., 829 F.Supp. 1502, 1506 (N.D.Ill.,1993), citing Anna Ready Mix, Inc. v. N.E. Pierson Const. Co., 747 F.Supp. 1299, 1303 (S.D.Ill.1990), and Board of Education v. Admiral Heating and Ventilation, Inc., 94 F.R.D. 300, 304 (N.D.Ill.1982).

In this case, upon consideration of Dougherty's latest motion to strike, we find that it is in essence a pleading which opposes the pending motion to dismiss. Recognizing that "[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted," Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977), we find that Dougherty has not shown that this brief is both "redundant, immaterial, impertinent, or scandalous" and unfairly prejudicial. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001). Therefore, in the exercise

of our discretion, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), we will deny this motion to strike.

### III. Conclusion

Accordingly, for the foregoing reasons, the plaintiff's motion to strike (Doc. 62.) , is DENIED.

So ordered this 4th day of June 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge