IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| KEITH DOUGHERTY, *et al.*, | : | 1:13-cv-447 |
| --- | --- | --- |
| Plaintiffs, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| ADVANCED WINGS, LLC, *et al.*, | : | |
| Defendants. | : | |

## **MEMORANDUM**
### August 7, 2013

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

This matter comes before the Court on the Report and Recommendation (R&R) of Chief Magistrate Judge Martin C. Carlson (Doc. 82), filed on July 17, 2013. The R&R recommends that we grant Defendants Atlantic Airways, LLC, Steve Hutchens and Chuck Purcell's Motion to Dismiss. (Doc. 72). Dougherty filed objections to the R&R on July 31, 2013. (Doc. 83). Accordingly, this matter is ripe for our review. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R in its entirety.

## I. STANDARD OF REVIEW

When, as here, objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28

U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II. BACKGROUND[1]

*Pro se* Plaintiff initiated the matter *sub judice* with the filing of a complaint on February 19, 2013. (Doc. 1). Dougherty named a myriad of defendants, including Advanced Wings LLP; Advanced Wings LLP Flight School and its employees; Cirrus Aircraft Manufacturer; the Federal Aviation Administration (FAA); and the Flight Standards District Office of the FAA. At the earlier recommendation of Magistrate Judge Carlson, Advanced Wings, LLP; Stratus Aviation, LLC; Regis de Ramel; Miles Munz; Reed Meconville; Robert Smith; Advanced Wings LLP Flight School and Cirrus Aircraft Manufacturer were dismissed from this lawsuit. (Doc. 69).

Plaintiff Dougherty's 105-page Complaint is self-described as complex.

---

[1]Much of the background provided is taken from our previous Order. (Doc. 81).

However much of this "complexity" is due to the fact the complaint is "factually incomprehensible and legally inscrutable." (Doc. 82). In his pleading, Dougherty discusses his previous interactions with the personnel of the Defendant Pennsylvania Advanced Wings Flight School. Dougherty alleges that the employees of the Defendant grew increasingly reluctant to provide flying lessons to the Plaintiff. (Doc.1, ¶ 21-81). Plaintiff alleges the Defendants committed state law fraud, defamation, and breach of contract. (Doc. 1, ¶ 84)

Dougherty is seeking declaratory and mandamus relief, attempting to compel a court-ordered investigation of the parties in this case, and previously moved to amend his complaint, to name the Court and defense counsel as "conspirators" to deny him success in this lawsuit.[2] (Doc. 67). His demands for relief additionally included a $800,000 aircraft manufactured by the dismissed Defendant Cirrus. (Doc. 1, ¶ 85).

Defendants Atlantic Airways, LLC (Atlantic), Steve Hutchens and Chuck Purcell have moved to dismiss Dougherty's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 72). Magistrate Judge Carlson recommends that the defendants' motion to dismiss be granted for failure to state a

---

[2] Dougherty has routinely sought the recusal of several judges that have presided over his numerous cases.

claim upon which relief can be granted. For the reasons that follow in this Memorandum, we agree.

## III. DISCUSSION

A Rule 12(b)(6) motion to dismiss provides that a complaint should be dismissed if a plaintiff fails to "state a claim upon which relief can be granted". Fed. R. Civ. P. 12(b)(6). To survive this motion, a plaintiff must show, based on factual allegations accepted to be true, that he is plausibly entitled to relief. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Factual allegations must be sufficient to raise the right to relief above a speculative level. *Twombly*, at 555.[3]

Additionally, under Rule 8 of the Federal Rules of Civil Procedure, a civil complaint must provide a "short and plain statement of the claim showing the pleader is entitled to relief," and averments must be "concise and direct." Fed. R. Civ. P. 8(a) & 8(e)(1). Dismissal of a complaint is proper when it is found to be "incomprehensible", "largely unintelligible" or "so rambling and unclear" as to defy response. *Stephantos v. Cohen*, 236 F.App'x 785, 787 (3d Cir. 2007); See *Tillio v. Spiess*, No. 11-1276, 2011 WL 3346787 (Aug. 4, 2011).

---

[3] The Magistrate Judge provides a thorough discussion of the Standard of Review applied to Rule 12(b)(6) motions at pages 6 to 10 of his report. Thus we have only highlighted the Rule's threshold requirements herein.

Plaintiff Dougherty's pleading fails to comport with the requirements of Rule 8. His 105-page complaint is neither "short and plain," nor "concise and direct." Many of his factual claims are "incomprehensible forays into personal invective, acerbic asides, caustic commentaries, disgruntled digressions, and *ad hominem* observations," which are inappropriate for a court filing, and subject to a motion to strike. (Doc.82 at 12). Plaintiff's claims against Defendant Atlantic, a Virginia-based flight school and two of its personnel, are contradictory in nature. Plaintiff requested and received a full refund from Defendant Atlantic after his allegedly inadequate and unsatisfactory training experience with the school. (Doc. 1 ¶ 67-71 & Ex. 1). Plaintiff then asserts that these Defendants wrongfully denied his request for additional training and aircraft rentals, which he had previously determined to be inferior. (*Id.*). Dougherty's claims are incoherent, and should be dismissed under Rule 8, as Defendants would have to "guess what many things discussed constituted [a cause of action]." See *Binsack v. Lackawanna County Prison*, 438 F. App'x 158 (3d Cir. 2011).

Furthermore, the federal statute cited by Plaintiff Dougherty, 49 U.S.C. §44702, does not establish a right of action against private parties in federal court. Courts have consistently held that the FAA creates no private right of action, destroying Plaintiff's attempt to assert federal question jurisdiction in this matter.

See *Bonano v. E. Caribbean Airline Corp.*, 365 F.3d 81, 84-84 (1st Cir. 2004); *Spinner v. Verbridge*, 125 F. Supp. 2d 45, 47 (E.D.N.Y. 2000). As 49 U.S.C. §44702 is the only substantive federal statute cited by Plaintiff in support of his federal claims, we lack jurisdiction to hear these claims and they must be dismissed.

Finally, this Court lacks venue over the these Defendants and the claims asserted against them. Venue exists in Virginia where the Defendants reside and where a substantial part of the events within the complaint occurred, not in Pennsylvania. (Doc. 82 at 16). Based on the reasoning of Magistrate Judge Carlson, dismissal is the proper course of action.[4]

Within his objections, Plaintiff Dougherty claims that the court is both "hopeless" and actively "conspiring" against him. (Doc. 83 at 4, 11). Doughtery's objection is both unintelligible and rambling, fraught with snide asides and personal attacks. Plaintiff has previously sought leave to amend, yet he still does not present a claim upon which relief may be granted. As such, this complaint shall be dismissed with prejudice.

An appropriate order shall follow.

---

[4] Magistrate Judge Carlson provides a thorough discussion of the law governing improper venue and its potential remedies at pages 16 and 17 of his report. Thus we have only highlighted the issue in this matter.