IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH DOUGHERTY, *et al.*, | : | 1:13-cv-447 |
| | : | |
| Plaintiffs, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| ADVANCED WINGS, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

# MEMORANDUM

### August 30, 2013

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter comes before the Court on the Report and Recommendation (R&R) of Chief Magistrate Judge Martin C. Carlson (Doc. 88), filed on August 13, 2013. The R&R recommends that we deny *pro se* Plaintiff Keith Dougherty's self-styled "59(e) Motion to Alter or Amend and provide Additional Findings of Fact and Conclusion of Law or in the Alternative 60(b0(4) void for jurisdiction" (Doc. 86) and close this case. Dougherty filed objections to the R&R on August 27, 2013. (Doc. 89). Accordingly, this matter is ripe for our review. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R in its entirety and close this case.

**I.    STANDARD OF REVIEW**

1

When, as here, objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II. BACKGROUND

*Pro se* Plaintiff, a resident of Harrisburg, Pennsylvania, initiated the matter *sub judice* with the filing of a complaint on February 19, 2013. (Doc. 1). Dougherty named the following as individual and institutional Defendants: Advanced Wings, LLP; Stratus Aviation, LLC; Regis de Ramel; Miles Munz; Reed Meconville; Robert Smith; Advanced Wings LLP Flight School; Cirrus Aircraft Manufacturer; Robert Fowler; Chuck Purcell; Steve Hutchins; Atlantic Airways, LLC; the Federal Aviation Administration; and the Flight Standards District Office of the Federal Aviation Administration located in Philadelphia.

Plaintiff Dougherty self-described his 105-page Complaint seeking declaratory and mandamus relief as "complex." That proclamation is a gross understatement. In his pleading, Dougherty discusses his interactions with the personnel of the Defendant Pennsylvania Advanced Wings Flight School in excruciating detail. Dougherty alleges that the employees of the Defendant grew increasingly reluctant over time to provide flying lessons to Plaintiff. Dougherty alleges the Defendants committed state law fraud, defamation, and breach of contract claims. Dougherty also critiqued the performance of an aircraft manufactured by Defendant Cirrus, and demanded to be given an $800,000 aircraft manufactured by this Defendant.[1] Plaintiff sought declaratory and mandamus relief, attempting to compel a court-ordered investigation of the parties in this case.

By prior rulings of this Court, all of the claims and parties in this action have been dismissed on the merits. Dougherty's instant Motion, considered by the Magistrate Judge within the R&R, seeks to have us alter or amend our prior rulings on the merits of his claims by asserting that he was entitled to a default judgment against the Defendants at the outset of this case. For the reasons that follow, we agree with the Magistrate Judge that this Motion must be denied.

---

[1] Dougherty provides links to various YouTube videos in his critique of Defendant Cirrus.

## III. DISCUSSION

As discussed by Magistrate Judge Carlson in detail, motions to alter or amend judgments pursuant to F.R.C.P. 59(e) are governed by an exacting standard and are granted in only narrowly defined circumstances, such as an intervening change int eh law, availability of new evidence, or when to not grant the motion would result in a manifest injustice. (R&R pp. 5-8). Despite Dougherty's protestations to the contrary, a Rule 59(e) motion has no utility to him, because it simply cannot be said, by refusing to grant Dougherty default judgments with respect to claims that were meritless, that the Court worked a manifest injustice upon Dougherty. While Dougherty might have preferred to achieve default judgments against the Defendants, it was inappropriate and indeed impossible to render them under the circumstances of the case. Rather, Dougherty's claims were considered on the merits, which is of course the way a federal court resolves a case when it is at issue, rather than procedural default. Thus, we agree with the Magistrate Judge that Dougherty's motion must be denied. An appropriate Order shall issue.